Jeffrey M. Galen, Esq. [SBN 134705]
Glenn D. Davis, Esq. [150744]
GALEN & DAVIS, LLP
16255 Ventura Blvd., Suite 900
Encino, CA 91436
(818) 986-5685 (telephone)
(818) 986-1859 (facsimile)
EMAIL: jeffrey.galen@jgdlegal.com

Attorney for Plaintiff, Champagne Edition, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAMPAGNE EDITION, INC., a Foreign Canadian Corporation<br><br>Plaintiff,<br><br>vs.<br><br>COMFORTSTALL STABLE SUPPLY COMPANY, INC., a California Corporation, and DOES 1 to 50, inclusive<br><br>Defendants. | Case No. CV 07 6061<br><br>COMPLAINT FOR;<br><br>1) BREACH OF CONTRACT;<br>2) OPEN BOOK ACCOUNT; and<br>3) ACCOUNT STATED; |

Plaintiff, CHAMPAGNE EDITION, INC., a Foreign Canadian Corporation, by and through its attorneys, Jeffrey M. Galen, Esq., of Galen & Davis, LLP, Attorneys at Law files this, its complaint against Defendant COMFORTSTALL STABLE SUPPLY COMPANY, INC., a California Corporation for its claims as follows:

1

## FIRST CLAIM

## BREACH OF CONTRACT

1. At all times herein mentioned, Plaintiff, (hereinafter referred to as "CHAMPAGNE") was and is a Foreign Canadian Corporation qualified to do business in the Country of Canada, Providence of Alberta.

2. CHAMPAGNE is informed, believes and thereupon alleges that at all times mentioned herein, COMFORTSTALL STABLE SUPPLY COMPANY, INC., a California Corporation (hereinafter referred to as "Defendant") was and is a California Corporation with its principal place of business located at 3388 Regional Parkway, Suite A, Santa Rosa, CA 95403.

3. The court has subject matter jurisdiction over all claims asserted herein and personal jurisdiction over all parties to 28 USC section 1332. The amount in controversy exceeds the amount of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs and is between corporations of different states and/or countries.

4. At all times mentioned herein, CHAMPAGNE is engaged in the business of manufacturing rubber tiles and flooring for industrial, commercial and residential application as well as producing products to service the equine and bovine industries with its corporate offices located in the providence of Alberta, Country of Canada.

5. On or about September 14, 2005, CHAMPAGNE entered into an Agreement with Defendant in which CHAMPAGNE sold and delivered flooring merchandise to Defendants and in consideration thereof, Defendants agreed to pay CHAMPAGNE for

2

the products ordered and received. A true and correct copy of the Invoices are attached hereto as Exhibit "1."

6. CHAMPAGNE has duly performed all of the conditions and/or obligations on its part to be performed under the terms of the above said agreements.

7. On or about November 24, 2007, Defendants breached the above said agreements by failing and refusing to pay CHAMPAGNE for the products ordered and received in the amount of Ninety Nine Thousand Two Hundred Five Dollars and Sixty Three Cents ($99,205.63).

8. As a direct result of said Defendants wrongful and unlawful conduct in the manner described above, CHAMPAGNE has sustained damages, in a total sum of Ninety Nine Thousand Two Hundred Five Dollars and Sixty Three Cents ($99,205.63), or in an amount to be stated according to proof at the time trial.

9. As a further direct result of the above-said Defendants wrongful and unlawful conduct in a manner described above, CHAMPAGNE was required to, and did, employ attorneys for the purposes of representing it in the above-entitled action, and as a result thereof, will incur attorney fees and costs in amounts not now known, but which will be stated according to proof at the time of trial.

10. As a further result of Defendants wrongful and unlawful conduct in a manner as described above, CHAMPAGNE is entitled to pretrial interest on all amounts due and owing at the legal rate per annum from November 24, 2007, to the date of trial.

## SECOND CLAIM

## OPEN BOOK ACCOUNT

11. Plaintiff realleges paragraphs 1 through 10 inclusive of its First Claim and incorporates them by reference as though fully set forth herein.

12. Within the last four years, Defendants has become indebted to CHAMPAGNE, on an open book account for merchandise ordered and received by Defendants in the amount of Ninety Nine Thousand Two Hundred Five Dollars and Sixty Three Cents ($99,205.63), at the special instance and request of Defendants and/or for their use and benefit.

13. Neither the whole nor any part of said sum has been paid although a demand has been made, and there is now due, owing and unpaid from Defendants to CHAMPAGNE, the sum of Ninety Nine Thousand Two Hundred Five Dollars and Sixty Three Cents ($99,205.63), together with interest thereon at the legal rate per annum in an amount according to proof at time of trial.

## THIRD CLAIM

## ACCOUNT STATED

14. Plaintiff realleges paragraphs 1 through 10 inclusive of its First Claim and paragraphs 11 through 13 inclusive of its Second Claim and incorporates them by reference as though fully set forth herein.

15. Within the last four years, an account was stated in writing by and between CHAMPAGNE and Defendants wherein it was agreed the Defendants and each of them, were indebted to CHAMPAGNE in the sum of Ninety Nine Thousand Two

Hundred Five Dollars and Sixty Three Cents ($99,205.63).

16. Neither the whole nor any part of said sum has been paid although a demand has been made, and there is now due, owing and unpaid from Defendants to CHAMPAGNE, the sum of Ninety Nine Thousand Two Hundred Five Dollars and Sixty Three Cents ($99,205.63), together with interest thereon at the legal rate per annum in an amount according to proof at time of trial.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants and each of them as follows:

1. For all general, special, consequential and/or incidental damages in the sum of at least Ninety Nine Thousand Two Hundred Five Dollars and Sixty Three Cents ($99,205.63), or in an amount to be stated according to proof the time of trial;

2. For interest thereon at the legal rate from November 24, 2007, or in an amount according to proof at time of trial;

3. For reasonable attorneys fees in an amount to be stated according to proof at the time of trial;

4. For all costs of suit herein incurred; and

5. For such other and further relief as this Court may deem just and proper.

Dated: November 27, 2007

GALEN & DAVIS LLP

By: _____
Jeffrey M. Galen, Esq.
16255 Ventura Blvd., Suite 900
Encino, CA 91436
(818) 986-5685
Attorneys for Plaintiff,
CHAMPAGNE EDITION, INC.