Ross B. Jones, Esq., SBN 120593
MERRILL, ARNONE & JONES, LLP
3554 Round Barn Boulevard, Suite 303
Santa Rosa, California 95403
Telephone: (707) 528-2882
Facsimile:  (707) 528-6015

Attorneys for Defendant
COMFORTSTALL STABLE
SUPPLY COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHAMPAGNE EDITION, INC., a Foreign Canadian Corporation, | CASE NO. CV-07 6061 **MHP** |
| Plaintiff, | |
| vs. | **COMFORTSTALL STABLE SUPPLY COMPANY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT; COUNTERCLAIMS** |
| COMFORTSTALL STABLE SUPPLY COMPANY, INC., a California Corporation, and DOES 1 to 50, inclusive | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Defendant COMFORSALL STABLE SUPPLY COMPANY, INC., answers the Complaint of plaintiff CHAMPAGNE EDITION, INC. as follows:

**FIRST CLAIM**

1.     Answering paragraph 1 of plaintiff's Complaint, defendant is without information and belief, sufficient form or belief, as to the truth or falsity as to the allegations of paragraph 1, and on that basis, denies those allegations.

2.     Defendant admits that at all times pertinent to this action, COMFORTSTALL STABLE SUPPLY COMPANY, INC., was a California Corporation with its principal place of business located at 3388 Regional Parkway, Suite A, Santa Rosa, California 95403.

<-->
<-->
<-->
<-->

3. Answering paragraph 3 of plaintiff's Complaint, defendant is without information and belief, sufficient form or belief, as to the truth or falsity as to the allegations of paragraph 3, and on that basis, denies those allegations.

4. Answering paragraph 4 of plaintiff's Complaint, defendant is without information and belief, sufficient form or belief, as to the truth or falsity as to the allegations of paragraph 4, and on that basis, denies those allegations.

5. Defendant admits that plaintiff sold and delivered flooring merchandise to defendants and in consideration thereof, defendants agreed to pay plaintiff for the products ordered and received. Except as otherwise expressly admitted, defendant generally and specifically denies each and every, all and singular, allegation contained therein.

6. Answering the allegations contained in paragraph 6 of plaintiff's Complaint, defendant generally and specifically denies each and every, all and singular, allegation contained therein.

7. Answering the allegations contained in paragraph 7 of plaintiff's Complaint, defendant generally and specifically denies each and every, all and singular, allegation contained therein.

8. Answering the allegations contained in paragraph 8 of plaintiff's Complaint, defendant generally and specifically denies each and every, all and singular, allegation contained therein.

9. Answering paragraph 9 of plaintiff's Complaint, defendant is without information and belief, sufficient form or belief, as to the truth or falsity as to the allegations of paragraph 9, and on that basis, denies those allegations.

10. Answering the allegations contained in paragraph 10 of plaintiff's Complaint, defendant generally and specifically denies each and every, all and singular, allegation contained therein.

## SECOND CLAIM

11. Although paragraph 11 does not require an answer, defendant incorporates by this reference each of its answers set forth above in response to the allegations contained in paragraphs 1 through 10.

12. Answering the allegations contained in paragraph 12 of plaintiff's Complaint, defendant generally and specifically denies each and every, all and singular, allegation contained therein.

13. Answering the allegations contained in paragraph 13 of plaintiff's Complaint, defendant generally and specifically denies each and every, all and singular, allegation contained therein.

## THIRD CLAIM

14. Although paragraph 14 does not require an answer, defendant incorporates by this reference each of its answers set forth above in response to the allegations contained in paragraphs 1 through 13.

15. Answering the allegations contained in paragraph 15 of plaintiff's Complaint, defendant generally and specifically denies each and every, all and singular, allegation contained therein.

16. Answering the allegations contained in paragraph 16 of plaintiff's Complaint, defendant generally and specifically denies each and every, all and singular, allegation contained therein.

## AFFIRMATIVE DEFENSES

AS SEPARATE AND AFFIRMATIVE DEFENSE(S), defendants allege:

### First Affirmative Defense
(Failure to State Claim)

1. The Complaint, and each claim for relief, fails to state a claim on which relief can be granted.

<u>Second Affirmative Defense</u>
(Plaintiff's Breach of Contract)

2. Defendant alleges that the claims in the complaint are barred by plaintiff's failure to fulfill its contractual obligations.

<u>Third Affirmative Defense</u>
(Estoppel)

3. Plaintiff's claims are barred by general principles of estoppel.

<u>Fourth Affirmative Defense</u>
(Waiver)

4. Plaintiff's claims are barred by the doctrine of waiver.

<u>Fifth Affirmative Defense</u>
(Unclean Hands)

5. Plaintiff's claims are barred by the doctrine of unclean hands.

<u>Sixth Affirmative Defense</u>
(Counterclaims)

6. Defendant has filed Counterclaims herein, the terms of which are incorporated herein and realleged as affirmative defenses to the allegations contained in the Complaint.

<u>Seventh Affirmative Defense</u>
(Excuse)

7. Defendant alleges that the claims in the Complaint are barred by the doctrine of excuse.

<u>Eighth Affirmative Defense</u>
(Breach of Warranty)

8. Defendant alleges that the plaintiff sold inadequate products to defendant, and then refused to repair the products or honor its warranty obligations.

**COMFORTSTALL STABLE SUPPLY COMPANY, INC.'S
ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS**                                              **CV 07 6061 / MHP**

WHEREFORE, Defendant COMFORTSTALL STABLE SUPPLY COMPANY, INC. prays for judgment on the Complaint as follows:

1. The plaintiff take nothing by its Complaint and that judgment be entered for this answering defendant on all claims for relief;

2. For defendant's costs of suit including reasonable attorney's fees.

3. For such other and further relief as the court deems just and proper.

Dated:  January 17, 2008    MERRILL, ARNONE & JONES, LLP

By:    /s/
      Ross B. Jones
      Attorney for Defendant

**DEMAND FOR JURY TRIAL**

Defendant and Counterclaimant hereby demands trial by jury.

Dated:  January 17, 2008    MERRILL, ARNONE & JONES, LLP

By:    /s/
      Ross B. Jones
      Attorneys for Defendant and Counterclaimant
      COMFORTSTALL STABLE SUPPLY COMPANY, INC.

**COUNTERCLAIMS**

<u>Jurisdiction and Venue</u>

1. These Counterclaims, as hereinafter more fully appear, arise under the common law of torts, contracts, and the California Uniform Commercial Code. Jurisdiction is based upon 28 U.S.C. §1367(a).  Venue is proper under 28 U.S.C. § 1391(a).

The Parties

2. Counterclaimant COMFORTSTALL STABLE SUPPLY COMPANY, INC., is a California Corporation with its principal place of business in Sonoma County, California.

3. Counterclaimant is informed and believes, and based thereon alleges, that Counterdefendant CHAMPAGNE EDITIONS, INC., is a corporation incorporated under the laws of Canada, and conducting business in the state of California.

Transactional Facts

4. Counterclaimant COMFORTSTALL is a distributor of equine products. COMFORTSTALL sells an equine flooring system for use in horse stalls under the registered trademark COMFORTSTALL®. The COMFORTSTALL® system consists of a special filler material which is placed under a top-cover material.

5. Counterdefendant CHAMPAGNE EDITIONS, Inc. is a Canadian company that manufactures and distributes equine products throughout North America.

6. During 2003, COMFORTSTALL and Counterdefendant entered into discussions regarding the possibility of COMFORTSTALL purchasing Counterdefendant's equine products, in particular a material that would be suitable for use as a top-cover for use with Counterclaimant's COMFORTSTALL® system. Pursuant to those discussions, COMFORTSTALL and Counterdefendant entered into a written Nondisclosure Agreement.

7. COMFORTSTALL then began purchasing various equine products from Counterdefendant. In particular, COMFORTSTALL purchased a top-cover material from Counterdefendant for use in Counterclaimant's COMFORTSTALL® flooring system.

8. Counterclaimant is informed and believes, and based thereon alleges, that within the last 18 months Counterdefendant changed the top-cover material being delivered to Counterclaimant, and instead began selling Counterclaimant an inferior top-

1  cover product that was not suitable for use as part of the COMFORTSTALL® flooring
2  system.
3       9.     Within the last 12 months Counterclaimant's customers began complaining
4  about problems with Counterdefendant's top-cover, including stretching, bubbling and
5  tearing of the materials.
6       10.    Counterclaimant made repeated requests of Counterdefendant to repair or
7  replace the inadequate materials. However, Counterdefendant refused to do so, and
8  asserted that Counterclaimant's use of the product was not covered by
9  Counterdefendant's express warranty.
10     11.    As a result of Counterdefendant refusing to replace the affected materials,
11 Counterclaimant has expended significant sums in developing and producing replacement
12 materials out-of-pocket for its customers.
13     12.    As a direct result of Counterdefendants refusal to replace affected materials,
14 and Counterclaimant's development of replacement materials out-of-pocket, a dispute
15 arose between Counterclaimant and Counterdefendant over payment of
16 Counterdefendant's invoices for top-cover materials sold to Counterclaimant.
17     13.    Counterdefendant began contacting Counterclaimant's customers regarding
18 Counterclaimant's refusal to pay invoices. Counterdefendant then recorded invalid
19 mechanic's liens against the properties of Counterclaimant's customers.

## FIRST CLAIM FOR RELIEF
(Breach of Contract)

22     14.    Counterclaimant repeats and realleges each and every allegation contained
23 in paragraphs 1 through 13 of this Counterclaim, as though fully set forth herein.
24     15.    On or about October 20, 2003, Counterdefendant and Counterclaimant
25 entered into a written Mutual Nondisclosure Agreement ("Agreement"), a true and
26 correct copy of which is attached hereto and incorporated by reference as **Exhibit A**.

7

**COMFORTSTALL STABLE SUPPLY COMPANY, INC.'S**
**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES**
**AND COUNTERCLAIMS**                      **CV 07 6061 / MHP**

16.     The Agreement states in part that Confidential Information includes information relating to Counterclaimant's sales, financing, customers and business.

17.     The Agreement required Counterdefendant to maintain in trust and confidence and not disclose to any third party or use for any unauthorized purpose any Confidential Information.

18.     Counterclaimant has performed all covenants and conditions required by it under the Agreement.

19.     Counterdefendant breached the Agreement by disclosing to Counterclaimant's customers the existence of payment disputes between Counterclaimant and Counterdefendant.

20.     Counterdefendant's conduct in disclosing to Counterclaimant's customers the existence of payment disputes between Counterclaimant and Counterdefendant was not an authorized purpose under the Agreement.

21     As a direct result of Counterdefendant's breach of contract, Counterclaimant has been damaged in a sum according to proof.

**SECOND CLAIM FOR RELIEF**
(Intentional Interference with Prospective Business Advantage)

22.     Counterclaimant repeats and realleges each and every allegation contained in paragraphs 1 through 21 of this Counterclaim, as though fully set forth herein.

23.     Counterclaimant sold Counterdefendant's products to Counterclaimant's customers, relying on Counterdefendant to honor its warranty obligations and sell quality materials.

24.     Counterdefendant knew of the above-described relationship existing between Counterclaimant and its purchasers in that Counterdefendant delivered materials sold to Counterclaimant directly to Counterclaimant's customers.

25.     When Counterclaimant's customers began complaining about the quality and performance of Counterdefendant's materials, and demanding replacement materials,

8

1  Counterdefendant denied responsibility for the non-performing materials, and refused to
2  provide replacement materials, in breach of its express warranty and in breach of the
3  implied warranties of fitness for particular use and merchantability.
4     26.   As a result of Counterdefendant's actions, Counterclaimant was forced to
5  develop and produce replacement materials at its own cost.
6     27.   Counterclaimant is informed and believes, and based thereon alleges, that
7  Counterdefendant disclosed to COMFORTSTALL's customers that COMFORTSTALL
8  was not paying Counterdefendant's invoices, with the intent to harm COMFORTSTALL
9  financially and to induce COMFORTSTALL's customers to sever their dealings with
10 COMFORTSTALL, and to coerce COMFORTSTALL into paying disputed invoices
11 caused by Counterdefendant's refusal to replace non-performing materials.
12    28.   Counterdefendant's disclosure to COMFORTSTALL's customers about the
13 payment disputes between COMFORTSTALL and Counterdefendant were breaches of
14 the Mutual Nondisclosure Agreement between the parties.
15    29.   COMFORTSTALL is informed and believes, and based thereon alleges,
16 that it suffered economic harm from Counterdefendant's actions in that the wrongful
17 disclosure of the above facts has results in cancelled orders from COMFORTSTALL's
18 customers and otherwise injured COMFORTSTALL's reputation, in a sum according to
19 proof.
20    30.   Counterclaimant is informed and believes and thereon alleges that the
21 aforementioned acts of Counterdefendant were willful and malicious. Counterclaimant is
22 informed and believes that Counterdefendant's acts were undertaken with the deliberate
23 intent to injure COMFORTSTALL's business. Counterclaimant is therefore entitled to
24 punitive damages.
25 //
26 //
27 //
28

9

**COMFORTSTALL STABLE SUPPLY COMPANY, INC.'S**
**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES**
**AND COUNTERCLAIMS**                                        **CV 07 6061 / MHP**

## THIRD CLAIM FOR RELIEF
(Breach of Implied Warranties)

31. Counterclaimant repeats and realleges each and every allegation contained in paragraphs 1 through 30 of this Counterclaim, as though fully set forth herein.

32. Counterclaimant required a specific type of material suitable for use as top-covering for its COMFORTSTALL® equine flooring system. Counterclaimant relied on Counterdefendant's judgement and skill to select and furnish suitable goods for those purposes.

33. Within the last two (2) years, Counterdefendant sold to Counterclaimant top-cover materials in reliance on Counterdefendant's judgment and skills that such materials were suitable for the intended purposes.

34. At the time of such sales, Counterdefendant had reason to know of the particular purpose for which the materials were required by virtue of the fact that Counterclaimant's President, Joy Koch, repeatedly communicated with Counterdefendant's President Alan Champagne and other employees of Counterdefendant, and during those communications expressed the particular purpose for which the top-cover was to be used, and that Counterclaimant was relying on Counterdefendant's skill and judgment that its goods were suitable for those purposes.

35. As a result, there was an implied warranty that the goods were fit for Counterclaimant's purposes.

36. Counterdefendant breached the implied warranty by providing goods that were not suitable for Counterclaimant's purposes, in that the top-cover stretched, bubbled and tore when used for their intended purpose.

37. Counterclaimant repeatedly notified Counterdefendant of the problems with the top-cover, and requested replacement materials, but Counterdefendant refused to do so and disclaimed any warranty obligations.

10

**COMFORTSTALL STABLE SUPPLY COMPANY, INC.'S
ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS**                                              **CV 07 6061 / MHP**

38. As a result, Counterclaimant was forced to expend significant sums developing and producing replacement materials out-of-pocket, and suffered the loss of business and reputation with its customers, all in an amount according to proof.

**PRAYER FOR RELIEF**

AS TO FIRST CLAIM FOR RELIEF:

1. That Counterdefendant be required to pay Counterclaimant such damages it has suffered or will suffer by reason of Counterdefendant's violation of the Nondisclosure Agreement.

2. That Counterclaimant have and recover the costs, including reasonable attorney's fees, of this civil action.

4. That Counterclaimant have such other and further relief as the Court may deem just and proper.

AS TO SECOND CLAIM FOR RELIEF:

1. That Counterdefendant be required to pay Counterclaimant such damages it has suffered or will suffer by reason of Counterdefendant's violation of Counterclaimant's rights under the common law.

2. That Counterdefendant be required to pay exemplary damages.

3. That Counterclaimant have and recover the costs of this civil action.

4. That Counterclaimant have such other and further relief as the Court may deem just and proper.

AS TO THIRD CLAIM FOR RELIEF:

1. That Counterdefendant be required to pay Counterclaimant such damages it has suffered or will suffer by reason of Counterdefendant's violation of Counterclaimant's rights under the common law.

2. That Counterclaimant have and recover the costs of this civil action.

3. That Counterclaimant have such other and further relief as the Court may deem just and proper.

Dated: January 17, 2008                    MERRILL, ARNONE & JONES, LLP

                                           By:   /s/
                                                 Ross B. Jones
                                                 Attorneys for Counterclaimant

# DEMAND FOR JURY TRIAL

Defendant and Counterclaimant hereby demands trial by jury.

Dated: January 17, 2008                    MERRILL, ARNONE & JONES, LLP

                                           By:   /s/
                                                 Ross B. Jones
                                                 Attorneys for Defendant and
                                                 Counterclaimant
                                                 COMFORTSTALL STABLE
                                                 SUPPLY COMPANY, INC.

**COMFORTSTALL STABLE SUPPLY COMPANY, INC.'S
ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS**                                           **CV 07 6061 / MHP**