Ross B. Jones, Esq., SBN 120593
MERRILL, ARNONE & JONES, LLP
3554 Round Barn Boulevard, Suite 303
Santa Rosa, California 95403
Telephone: (707) 528-2882
Facsimile: (707) 528-6015

Attorneys for Defendant
COMFORTSTALL STABLE SUPPLY
COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHAMPAGNE EDITION, INC., a Foreign Canadian corporation,<br><br>Plaintiff,<br><br>vs.<br><br>COMFORTSTALL STABLE SUPPLY COMPANY, INC., a California corporation, and DOES 1 to 50, inclusive<br><br>Defendants.<br>_____/ | CASE NO. CV-07 6061 **MHP**<br><br>**EXHIBIT A TO COMFORTSTALL STABLE SUPPLY COMPANY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT; COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

1

# AGREEMENT                                    MUTUAL NONDISCLOSURE

This MUTUAL NONDISCLOSURE AGREEMENT ("Agreement") is made effective as of the 20 day of Oct, 2003, by and between ComfortStall Stable Supply Company, its parents, subsidiaries or affiliates, and Champagne Editions, its parents, subsidiaries or affiliates, to assure the protection and preservation of the confidential, and/or proprietary nature of information to be disclosed or made available between the parties in connection with potential supply and/or distribution arrangements for equine flooring systems (the "Project").

## RECITALS

WHEREAS, in order to pursue these discussions concerning the Project, the parties have agreed to mutual disclosures of certain data and other information which are of a proprietary and confidential nature (as defined in Clause 1 below and referred to herein as "Confidential Information"),

## AGREEMENT

NOW, THEREFORE, in reliance upon and in consideration of the following undertakings, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the parties to this Agreement hereby agree as follows:

1. Subject to the limitations set forth in Clause 2, Confidential Information shall be deemed to include any trade secret, information, process, technique, compound, library, method of synthesis, program, design, drawing, formula or test data relating to any research project, work in process, development, engineering, manufacturing, marketing, servicing, financing or personnel matter relating to the disclosing party, its present or future products, sales, suppliers, customers, employees, investors, or business, whether in oral, written, graphic or electronic forms.

2. The term "Confidential Information" shall not be deemed to include information which, to the extent that the recipient of Confidential Information can establish by competent written proof:

   a. at the time of disclosure, is in the public domain;

   b. after disclosure, becomes part of the public domain by publication or otherwise, except by (i) breach of this Agreement by the recipient or (ii) disclosure by any person or affiliate company to whom Confidential Information was disclosed under this Agreement;

   c. was (i) in recipient's possession in documentary form at the time of disclosure by the disclosing party or (ii) subsequently and

        independently developed by recipient's employees who had no knowledge of or access to the Confidential Information;

d.     recipient shall receive from a third party who has the lawful right to disclose the Confidential Information and who shall not have obtained the Confidential Information either directly or indirectly from the disclosing party; or

e.     is required to be disclosed by law or regulation.

In the event that Confidential Information is required to be disclosed pursuant to subsection (e), the party required to make disclosure shall notify the other to allow that party to assert whatever exclusions or exemptions may be available to it under such law or regulation.

3.     Each party shall maintain in trust and confidence and not disclose to any third party or use for any unauthorized purpose any Confidential Information received from the other party. Each party may use such Confidential Information only to the extent required to evaluate the possibility of entering into supply arrangements. Confidential Information shall not be used for any purpose or in any manner that would constitute a violation of any laws or regulations, including, without limitation, the export control laws of the United States. No other rights or licenses to trademarks, inventions, copyrights, or patents are implied or granted under this Agreement.

4.     Confidential Information supplied shall not be reproduced in any form except as required to perform the evaluation as to potential supply and/or distribution arrangements.

5.     The responsibilities of the parties are limited to using their reasonable and best efforts to protect the Confidential Information from unauthorized use or disclosure. Both parties shall advise their officers, employees, agents, parents, subsidiaries and affiliates who will have access to such Confidential Information of the confidential nature thereof, and shall obtain signed agreements from such persons confirming their assent to the terms of this Agreement before any disclosure of Confidential Information. No Confidential Information shall be disclosed to any officer, employee, agent, parent, subsidiary or affiliate of either party who does not have a need to know such information to perform the Project.

6.     All Confidential Information (including copies thereof) shall remain the property the disclosing party, and shall be returned to the disclosing party after the receiving party's need for it has expired, or upon request of the disclosing party, and in any event, upon completion or termination of this Agreement.

7.     This Agreement shall continue in full force and effect for so long as the parties continue to exchange Confidential Information. This Agreement may be terminated at any time upon ten (10) days' written notice to the other party. The termination of this Agreement shall not relieve either party of the obligations imposed by

this Agreement with respect to Confidential Information disclosed prior to the effective date of such termination and the provisions hereof shall survive the termination of this Agreement.

8. This Agreement shall be governed by the laws of the State of California as those laws are applied to contracts, such as this one. In any dispute arising out of or relating to this Agreement, the parties hereby consent to the exclusive jurisdiction of California courts, either in the U.S. District Court for the Northern District of California or the Sonoma County Superior Court, and hereby waive any defenses or objections based on lack of personal jurisdiction, improper or inconvenient venue.

9. Neither party shall reveal the fact that Confidential Information has been disclosed pursuant to this Agreement or that either party is making an evaluation. It is understood that disclosure pursuant to this Agreement is not a public disclosure or sale or offer for sale of any product, but is made for the limited purpose of evaluating the possibility of entering into supply and/or distribution arrangements.

10. This Agreement contains the entire agreement of the parties concerning the disclosure and use of Confidential Information, and may not be changed, modified, amended or supplemented except by a written instrument signed by both parties. The unenforceability of any provision of this Agreement shall not affect the enforceability of any other provision of this Agreement. Neither this Agreement nor the disclosure of any Confidential Information pursuant to this Agreement by any party shall restrict such party from disclosing any of its own Confidential Information to any third party.

11. Each party hereby acknowledges and agrees that in the event of any breach of this Agreement by the other party, including, without limitation, the actual or threatened disclosure of a disclosing party's Confidential Information without the prior express written consent of the disclosing party, the disclosing party will suffer an irreparable injury, such that no remedy at law will afford it adequate protection against, or appropriate compensation for, such injury. Accordingly, and notwithstanding any other provision in this agreement, each party hereby agrees that the other party shall be entitled to specific performance of a receiving party's obligations under this Agreement, as well as such further relief, including injunctive relief prohibiting use or disclosure of the Confidential Information, as may be granted by a court of competent jurisdiction.

12. If any judicial or non-judicial action is brought to enforce this Agreement, the prevailing party shall be entitled to recover its attorneys' fees.

13. This agreement supersedes and replaces all previous agreements with regard to confidential communications between the parties hereto and constitutes the sole and only agreement of the parties hereto respecting the disclosure of Confidential Information. Any prior agreements, promises, negotiations, or representations concerning Confidential Information not expressly set forth in this agreement are of no further force or effect.

AGREED TO AS OF THE FIRST DATE ABOVE:

| ComfortStall Stable Supply Company | | Champagne Editions, Inc. | |
|---|---|---|---|
| By: [signature] | Name: Alan Champagne | | Title: |
| Owner | Name: [signature] By: | | Title: CEO |