Jeffrey M. Galen, Esq. [SBN 134705]
Glenn D. Davis, Esq. [150744]
GALEN & DAVIS, LLP
16255 Ventura Blvd., Suite 900
Encino, CA 91436
(818) 986-5685 (telephone)
(818) 986-1859 (facsimile)
EMAIL: jeffrey.galen@jgdlegal.com

Attorney for Plaintiff, Champagne Edition, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAMPAGNE EDITION, INC., a Foreign Canadian Corporation<br><br><br>Plaintiff,<br><br>vs.<br><br>COMFORTSTALL STABLE SUPPLY COMPANY, INC., a California Corporation, and DOES 1 to 50, inclusive<br><br>Defendants.<br>_____<br><br>COMFORTSTALL STABLE SUPPLY COMPANY, INC., a California Corporation,<br><br>Counterclaimant<br><br>vs.<br><br>CHAMPAGNE EDITION, INC., a Foreign Canadian Corporation<br><br>Counterclaim Defendant.<br>_____ | Case No.  CV 07-6061 MHP<br><br><br>**ANSWER TO DEFENDANT AND COUNTERCLAIMANT, COMFORTSTALL STABLE SUPPLY COMPANY, INC.'S COUNTERCLAIM** |

1

COMES NOW Counterclaim Defendant CHAMPAGNE EDITION, INC.,

("CHAMPAGNE") hereby files its answer to Counterclaimant, COMFORTSTALL

STABLE SUPPLY COMPANY, INC's ("COMFORTSTALL") Counterclaim in response to

the Counterclaim filed in this action as follows:

## COUNTERCLAIM

1.  CHAMPAGNE admits the allegations contained in Paragraph 1 of
COMFORTSTALL'S Counterclaim.

2.  CHAMPAGNE admits the allegations contained in Paragraph 2 of
COMFORTSTALL'S Counterclaim.

3.  CHAMPAGNE admits the allegations contained in Paragraph 3 of
COMFORTSTALL'S Counterclaim.

4.  CHAMPAGNE does not have sufficient knowledge to admit or deny the
allegations contained in Paragraph 4 of COMFORTSTALL'S Counterclaim.
Accordingly, CHAMPAGNE denies the allegations contained in Paragraph 4 of the
COMFORTSTALL'S Counterclaim.

5.  CHAMPAGNE admits the allegations contained in Paragraph 5 of
COMFORTSTALL'S Counterclaim.

6.  CHAMPAGNE generally and specifically denies the allegations contained in
Paragraph 6 of COMFORTSTALL'S Counterclaim.

7.  CHAMPAGNE does not have sufficient knowledge to admit or deny the
allegations contained in Paragraph 7 of COMFORTSTALL'S Counterclaim.
Accordingly, CHAMPAGNE denies the allegations contained in Paragraph 7 of the
COMFORTSTALL'S Counterclaim.

8.  CHAMPAGNE generally and specifically denies the allegations contained in Paragraph 8 of COMFORTSTALL'S Counterclaim.

9.  CHAMPAGNE does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 9 of COMFORTSTALL'S Counterclaim. Accordingly, CHAMPAGNE denies the allegations contained in Paragraph 9 of the COMFORTSTALL'S Counterclaim.

10.  CHAMPAGNE generally and specifically denies the allegations contained in Paragraph 10 of COMFORTSTALL'S Counterclaim.

11.  CHAMPAGNE generally and specifically denies the allegations contained in Paragraph 11 of COMFORTSTALL'S Counterclaim.

12.  CHAMPAGNE generally and specifically denies the allegations contained in Paragraph 12 of COMFORTSTALL'S Counterclaim.

13.  CHAMPAGNE generally and specifically denies the allegations contained in Paragraph 13 of COMFORTSTALL'S Counterclaim.

**FIRST CLAIM OF RELIEF - BREACH OF CONTRACT**

14.  CHAMPAGNE hereby alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 13 above as fully set forth herein.

15.  CHAMPAGNE admits the allegations contained in Paragraph 15 of COMFORTSTALL'S Counterclaim.

16.  CHAMPAGNE generally and specifically denies the allegations contained in Paragraph 16 of COMFORTSTALL'S Counterclaim.

17.  CHAMPAGNE admits that the agreement required each party to maintain trust and confidence and not to disclose to any third party or use for any unauthorized

3

purpose, any confidential information with regard to the "foam product". CHAMPAGNE

generally and specifically denies the remaining allegations contained in Paragraph 17 of

COMFORTSTALL'S Counterclaim.

18.  CHAMPAGNE generally and specifically denies the allegations contained in

Paragraph 18 of COMFORTSTALL'S Counterclaim.

19.  CHAMPAGNE generally and specifically denies the allegations contained in

Paragraph 19 of COMFORTSTALL'S Counterclaim.

20.  CHAMPAGNE generally and specifically denies the allegations contained in

Paragraph 20 of COMFORTSTALL'S Counterclaim.

21.  CHAMPAGNE generally and specifically denies the allegations contained in

Paragraph 21 of COMFORTSTALL'S Counterclaim.

## SECOND CLAIM OF RELIEF - INTENTIONAL INTERFERENCE WITH
## PROSPECTIVE BUSINESS ADVANTAGE

22.  CHAMPAGNE hereby alleges and incorporates by reference its responses

to the allegations contained in Paragraphs 1 through 21 above as fully set forth herein.

23.  CHAMPAGNE does not have sufficient knowledge to admit or deny the

allegations contained in Paragraph 23 of COMFORTSTALL'S Counterclaim.

Accordingly, CHAMPAGNE denies the allegations contained in Paragraph 23 of the

COMFORTSTALL'S Counterclaim.

24.   CHAMPAGNE does not have sufficient knowledge to admit or deny the

allegations contained in Paragraph 24 of COMFORTSTALL'S Counterclaim.

Accordingly, CHAMPAGNE denies the allegations contained in Paragraph 24 of the

COMFORTSTALL'S Counterclaim.

25.   CHAMPAGNE generally and specifically denies the allegations contained in Paragraph 25 of COMFORTSTALL'S Counterclaim.

26.   CHAMPAGNE does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 26 of COMFORTSTALL'S Counterclaim. Accordingly, CHAMPAGNE denies the allegations contained in Paragraph 26 of the COMFORTSTALL'S Counterclaim.

27.   CHAMPAGNE generally and specifically denies the allegations contained in Paragraph 27 of COMFORTSTALL'S Counterclaim.

28.   CHAMPAGNE generally and specifically denies the allegations contained in Paragraph 28 of COMFORTSTALL'S Counterclaim.

29.   CHAMPAGNE generally and specifically denies the allegations contained in Paragraph 29 of COMFORTSTALL'S Counterclaim.

30.   CHAMPAGNE generally and specifically denies the allegations contained in Paragraph 30 of COMFORTSTALL'S Counterclaim.

### THIRD CLAIM OF RELIEF - BREACH OF IMPLIED WARRANTIES

31.   CHAMPAGNE hereby alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 30 above as fully set forth herein.

32.   CHAMPAGNE does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 32 of COMFORTSTALL'S Counterclaim. Accordingly, CHAMPAGNE denies the allegations contained in Paragraph 32 of the COMFORTSTALL'S Counterclaim.

33.   CHAMPAGNE does not have sufficient knowledge to admit or deny the

allegations contained in Paragraph 33 of COMFORTSTALL'S Counterclaim.

Accordingly, CHAMPAGNE denies the allegations contained in Paragraph 33 of the

COMFORTSTALL'S Counterclaim.

34.   CHAMPAGNE generally and specifically denies the allegations contained in

Paragraph 34 of COMFORTSTALL'S Counterclaim.

35.   CHAMPAGNE generally and specifically denies the allegations contained in

Paragraph 35 of COMFORTSTALL'S Counterclaim.

36.   CHAMPAGNE generally and specifically denies the allegations contained in

Paragraph 36 of COMFORTSTALL'S Counterclaim.

37.   CHAMPAGNE generally and specifically denies the allegations contained in

Paragraph 37 of COMFORTSTALL'S Counterclaim.

38.   CHAMPAGNE generally and specifically denies the allegations contained in

Paragraph 38 of COMFORTSTALL'S Counterclaim.

39.   CHAMPAGNE generally and specifically denies the allegations contained in

the Prayer for Relief.

**PRAYER FOR RELIEF**

**WHEREFORE**, CHAMPAGNE prays for judgment as follows:

1.      That Counterclaimant take nothing by way of its Counterclaim;

2.      That the Counterclaim be dismissed with prejudice in its entirety;

3.      For reasonable attorneys fees according to proof at the time of entry of

         judgment;

4.      For costs of suit incurred herein; and,

5.      For such other and further relief as the court may deem just and proper.


Dated: February 19, 2008                    GALEN & DAVIS LLP

                                            By: _____
                                                Jeffrey M. Galen, Esq.
                                                16255 Ventura Blvd., Suite 900
                                                Encino, CA 91436
                                                (818) 986-5685
                                                Attorneys for Plaintiff,
                                                CHAMPAGNE EDITION, INC.

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA          )
                                      )
COUNTY OF LOS ANGELES     )

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action, my business address is 16255 Ventura Boulevard, Suite 900, Encino, California 91436.

      This Document was filed electronically.  Notice of this filing will be sent to the following party by operation of the Court's electronic filing system and by U.S. Mail. Parties may access this filing through the Court's system.

      On February 19, 2008, I served the foregoing document described as **ANSWER TO DEFENDANT AND COUNTERCLAIMANT, COMFORTSTALL STABLE SUPPLY COMPANY, INC.'S COUNTERCLAIM** by depositing a true copy thereof enclosed in a sealed envelope as follows:

**Ross B. Jones, Esq,**
**Merrill, Arnone & Jones, LLP**
**3554 Round Barn Boulevard, Suite 303**
**Santa Rosa, CA 95403**

( )    (VIA FACSIMILE) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

(X)    (VIA MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Encino, California.

( )    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

( )    (HAND DELIVERED) I caused such envelope(s) to be hand delivered, addressed to the person(s) on who it is to be served.

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed February 19, 2008 at Encino, California.

Sheri Young                                      
Print Name                                 Signature