Ross B. Jones, SBN: 120593
MERRILL, ARNONE & JONES, LLP
3554 Round Barn Boulevard, Suite 303
Santa Rosa, California 95403
Telephone: (707) 528-2882
Facsimile:  (707) 528-6015

Attorneys for Defendant/Counterclaimant
COMFORTSTALL STABLE SUPPLY COMPANY, INC.


Jeffrey M. Galen, SBN:134705
Glenn D. Davis, Esq.
GALEN & DAVIS, LLP
16255 Ventura Blvd., Suite 900
Encino, CA 91436
Telephone: (818) 986-5685
Facsimile: (818) 986-1859

Attorneys for Plaintiff/Counter Defendant
CHAMPAGNE EDITION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAMPAGNE EDITION, INC., a Foreign Canadian Corporation<br><br>       Plaintiff,<br><br>  vs.<br><br>COMFORTSTALL STABLE SUPPLY COMPANY, INC., a California Corporation<br><br>       Defendant.<br>_____/<br>AND RELATED COUNTERCLAIMS<br>_____/ | CASE NO. CV 076061 MHP ECF<br><br>**PLAINTIFF AND DEFENDANTS' JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     May 20, 2008<br>Time:    3:00 p.m. (phone)<br>Courtroom:  15 |

Pursuant to this Court's Local Rules, Plaintiff/Counter Defendant and Defendant/counterclaimant submit this Case Management Statement for the consideration of this Honorable Court.

## I.     JURISDICTION AND SERVICE

This case is based on diversity jurisdiction, 28 U.S.C. §1332(c)(1), as Plaintiff/Counter Defendant is a Canadian corporation with its principal place of business in Canada, and Defendant/Counterclaimant is a California corporation with its principal place of business in California.  Venue is proper pursuant to 28 U.S.C. §1391(c), as this case was brought in a judicial district in which Defendant is subject to personal jurisdiction.  Plaintiff and defendant are unaware of any issues concerning venue or personal jurisdiction.

## II.     FACTS

### A.     Statement by Plaintiff

Champagne Edition, Inc. ("Champagne") is engaged in the business of manufacturing rubber tiles and flooring for industrial, commercial and residential application as well as producing products to service the equine and bovine industries with its corporate offices located in the providence of Alberta, Country of Canada.

ComfortStall Supply Company, Inc. ("ComfortStall") is a distributor of equine products.  ComfortStall sells equine flooring systems for use in horse stalls as well as rubber bricks, square-yard tiles, pavers and large format interlocking mats.  The ComfortStall flooring systems consisted of a special foam underlay which is placed under a top cover material.

In September, 2005, Champagne entered into an Agreement with ComfortStall in which Champagne sold and delivered flooring material to ComfortStall, including but not

limited to, top cover product which was to be used by ComfortStall in their flooring system. ComfortStall uses their own system to install the top cover product purchased from Champagne and do not use Champagne's required products. Therefore, ComfortStall was informed and agreed that by using their own flooring system Champagne would not warrant the purchased products. In consideration of selling the top cover product to ComfortStall, ComfortStall agreed to pay Champagne for the products ordered and received.

On November 24, 2007, ComfortStall breached the above said agreements by failing and refusing to pay Champagne for the products ordered and received in the amount of Ninety Nine Thousand Two Hundred Five Dollars and Sixty Three Cents ($99,205.63).

On October 20, 2003, the parties entered into a Non Disclosure Agreement with regard to the foam underlay which ComfortStall uses in the equine stall system. ComfortStall has alleged in their cross complaint that Champagne breached the Non Disclosure Agreement by allegedly disclosing to ComfortStall's customers the existence of payment disputes between the parties. Champagne denies these allegations and the Non Disclosure Agreement entered to was to protect the disclosure of confidential information with regard to trade secret, information, process, technique, design, drawing, development, manufacturing and marketing, etc. with regard to ComfortStall's equine flooring system. The Non Disclosure Agreement did not encompass the disclosure of payment disputes between the parties. It was entered into to protect the confidential information with regard to the foam underlay of ComfortStall's equine flooring system.

Therefore, ComfortStall's contentions that Champagne breached the Non Disclosure Agreement is simply made in error.

ComfortStall's alleges in their cross claims that their customers allegedly began complaining about stretching, bubbling and tearing with regard to the materials supplied by Champagne. Champagne honored warranty claims which were justified, however, Champagne denied claims in which the bubbling, stretching and tearing was due to installation error by the customer or ComfortStall and supplied a written explanation to ComfortStall as to why the warranty claim is being rejected. Therefore, ComfortStall's claims were unjustified and lack any evidentiary support.

**B.    Statement by Defendant**

ComfortStall Stable Supply Company, Inc. (ComfortStall) sells equine products, primarily stall flooring systems, to dealers and end-users. Champagne Editions, Inc. is a Canadian-based distributor of equine products. Champagne does not make the products in dispute, but purchases them from a manufacturer, then re-sells them to distributors such as ComfortStall. In 2002, ComfortStall and Champagne discussed the possibility of ComfortStall purchasing certain products from Champagne Editions. In particular, ComfortStall sells an equine flooring system under the ComfortStall® trademark. The flooring system consists of a special padding layer, with a top-cover fabric laid over the flooring material. The top-cover is anchored to the side walls of the stall with plastic anchoring strips. ComfortStall was looking for a new supplier that could provide high-quality top-cover materials.

ComfortStall had Champagne sign a Nondisclosure Agreement (NDA) at the beginning of their discussions, which defined Confidential Information to include

4
PLAINTIFF AND DEFENDANTS' JOINT CASE MANAGEMENT STATEMENT                Case CV 07-6061 MHP ECF

information relating to ComfortStall's sales, financing, customers and business, and required Champagne to maintain in trust and confidence and not disclose to any third party or use for any unauthorized purpose any Confidential Information.

ComfortStall described the need for a top cover that would be suitable for the ComfortStall® flooring system, in particular the need for a high-quality material that would stand up to the shifting weight of horses standing and lying down on the materials. Champagne suggested a top-cover material that it purchased from a Canadian manufacturer. ComfortStall began purchasing top-cover from Champagne pursuant to purchase orders and invoicing; the parties did not sign a formal supply or distribution agreement

In January 2005, Champagne raised its prices and suggested that ComfortStall purchase a "standard" top-cover. Champagne represented that although the new top-cover was not as thick as the previous materials, it "does not affect the quality of the cover . . . and has been proven to be just as effective as the heavy duty cover." In mid-2006,ComfortStall customers began complaining that their top-cover materials were stretching, bubbling and in some case tearing. Champagne refused to replace the affected top-cover materials, even though it had previously replaced products at no charge. Customers began insisting on replacement top-cover materials; the total to replace all top covers exceeds $1,000,000.

At the same time, overall market conditions deteriorated and it became difficult for ComfortStall to remain current on its payments to Champagne. ComfortStall communicated regularly with Champagne about its payment status, arrangements and continued product warranty issues.

In December 2007, Champagne began contacting ComfortStall's customers, telling them that ComfortStall could not pay its bills. Champagne then started recording invalid mechanic's liens against ComfortStall's customers' properties.  At the same time, Champagne began putting increasingly onerous terms on its sales to ComfortStall (requiring cashier's checks, and surcharging existing sales to pay down a past due balance). Finally, Champagne refused to accept orders from ComfortStall (even when paid in advance), forcing ComfortStall to cancel checks already sent to Champagne.

## III.   LEGAL ISSUES

Plaintiff asserts that ComfortStall failed to pay invoices for materials ordered and delivered to ComfortStall's customers.  ComfortStall asserts that Champagne breached its NDA by contacting ComfortStall's customers and making sales directly to such customers after refusing to accept sales from ComfortStall.  ComfortStall asserts that such facts also support a claim for Intentional Interference with prospective business advantage. Comfortsall also asserts that Champagne breached the implied warranty of fitness for particular use by switching to inferior products.

Plaintiff denies all allegations by ComfortStall.  Plaintiff's sole theory is based on breach of contract.

## IV.   MOTIONS

There are no pending or anticipated pre-trial Motions.

## V.   AMENDMENT OF PLEADINGS

The parties do not anticipate amending the pleadings. If ComfortStall is sued by any of its customers for products it purchased from Champagne, it will request either consolidation or coordination of the proceedings.

## VI.  EVIDENCE PRESERVATION

The parties and their counsel have taken affirmative steps to preserve evidence related to the issues presented by the instant action, including but not limited to, those set forth in F.R.C.P. 26(d).

## VII.  DISCLOSURES

The parties exchanged their initial disclosures pursuant to F.R.C.P. 26(a) on March 10, 2008.  At this time, the parties do not contemplate seeking special orders regarding additional discovery.

## VIII.  DISCOVERY AND SCHEDULING

Plaintiff has propounded a first set of interrogatories and document requests, to which Defendant has responded.  Plaintiff has served a second set of discovery requests, which are pending. Defendant/Counterclaimant has served its first set of discovery requests, which are pending.  The parties have not stipulated to any discovery limits differing from the Federal Rules of Civil Procedure at this time.  ComfortStall proposes the following discovery plan:

1) Discovery by document requests, interrogatories, and requests for admission opens on May 20, 2008.

2) A limit of 25 interrogatories be set on each party, subject to a showing of good cause for an increased number.

3) A limitation of 50 requests to admit be set on each party, excepting the use of such requests to address evidentiary objections.

4) No limitation of document requests be set.

5) A limitation of 15 fact witness depositions be set for each party.

6) A stipulated protection order be submitted to this Court by July 24, 2008

7) After the parties exchange documents and written discovery responses, a further case management conference will be held in October 2008 to determine the remaining discovery plan and trial schedule if the case is not settled.

## IX.  RELATED CASES

There are no related cases at this time. ComfortStall has been threatened with suit, arising from the sale of top-cover sold to it by Champagne. If ComfortStall is sued, it will advise the Court of such related cases.

## X.  RELIEF

Plaintiff seeks recovery of $99,205.63 consisting of invoiced amounts, plus accrued interest.  Plaintiff also alleges an entitlement to attorney's fees. ComfortStall seeks product replacement damages of $1,000,000, lost/diverted sales of $200,000, general damages including loss-of-reputation damages, and punitive damages. ComfortStall also seeks attorney fees caused by Champagne's breach of the NDA.

## XI.  SETTLEMENT AND ADR

The parties engaged in mediation on April 21, 2008, which ended without a settlement.

## XII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to disposition and trial of this action by a magistrate judge.

## XIII. TRIAL

Plaintiff and Counter Defendant have demanded a court trial.  Defendant and Counterclaimant have demanded a jury trial.

PLAINTIFF AND DEFENDANTS' JOINT CASE MANAGEMENT STATEMENT          Case CV 07-6061 MHP ECF

## XIV. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendant/Counterclaimant certifies that other than the parties, the following persons, associations, firms, partnerships, corporations, or other entities other than the parties may have a financial interest in the subject matter in controversy or other interest that could be substantially affected by the outcome of the proceeding: Joy Koch, President/shareholder of ComfortStall Stable Supply Company, Inc.  Plaintiff and Defendants have filed a "Certification of Interested Entities or Persons," as required by Civil Local Rule 3-16.

Dated:  May 12, 2008                              MERRILL, ARNONE & JONES, LLP


  /s/ ROSS B. JONES
Attorneys for Defendant/Counterclaimant


Dated:  May 12, 2008                              GALEN & DAVIS, LLP


/s/JEFFREY M. GALEN
Attorneys for Plaintiff/Counter Defendant